## J. S. BURK v. THE STATE.

No. 225. Decided January 12, 1910.

**1.—Aggravated Assault—Filing—Information—Practice in County Court.**

Where, in a prosecution for aggravated assault, the date of filing the information which appeared thereon was manifestly a clerical error, there was no error to permit the county attorney, after hearing proof thereon, to correct said date. Following De Olles v. State, 20 Texas Crim. App., 145, and other cases.

**2.—Same—Information, Form of.**

It is not necessary to aver in an information that the acts complained of are contrary to the form of the statute.

**3.—Same—Evidence—Leading Questions—Discretion of Court.**

Where, upon trial for aggravated assault, it appeared that the prosecutrix was an unwilling and hostile witness, there was no error in permitting State's counsel to ask leading questions.

Appeal from the County Court of Grayson. Tried below before the Hon. J. W. Hassell.

Appeal from a conviction of aggravated assault; penalty, forty-five days confinement in the county jail.

The opinion states the case.

No brief on file for appellant.

*John A. Mobley,* Assistant Attorney-General, for the State.

RAMSEY, JUDGE.—Appellant was convicted on May 24, 1909, of an aggravated assault upon the person of Cora Burk, who had theretofore been his wife. The original information filed in the case bore this date: "Filed the 9 day of Oct. 198." After trial motion in arrest of judgment was made on the ground that as shown by the information, the same was not filed within two years next after the commission of the offense. Thereupon the county attorney made a motion for authority to correct the date of the information on the ground that the same was a manifest clerical error, and that in fact both the affidavit and information were filed at the same time and on the 9th day of October, 1908. The court heard proof touching these matters and the evidence showed beyond dispute, or without question, that the facts set out in the State's motion were true. This action of the court was entirely proper and has been authorized by many decisions of this court. De Olles v. State, 20 Texas Crim. App., 145; Boren v. State, 32 Texas Crim. Rep., 637.

2. Again, complaint is made that the information did not in terms aver and state that the acts complained of are contrary to the form of the statute. This is not required. See article 458, Code of Criminal Procedure.

3. Complaint is also made of the action of the court in permitting counsel for the State to ask the witness leading questions and to interrogate her touching her conference with the county attorney when the original complaint was made; and also as to the allegations contained in a divorce proceeding filed by her against appellant. In allowing the bill touching this matter the court certifies, what is perfectly obvious from an inspection of the statement of the facts, that the witness was an unwilling and reluctant, if not, indeed, a hostile witness, and had testified in answer to a question of the county attorney that her memory "was bad today," and also that she had stated in answer to a number of questions that she did not remember. Thereupon the county attorney asked the questions complained of, stating that it was as a matter of inducement and to refresh the witness' memory, and that thereafter she did answer that she remembered the matters complained about. The

witness was evidently very reluctant to state the facts; she was unfriendly to the State and disposed, as far as possible, to shield appellant. Being confronted with this situation and condition of affairs, to the end that the real truth might be known and justice reached, it was proper for the court to admit wide latitude to counsel for the State with a view of refreshing the witness' memory and inducing her to disclose the real facts touching the matter complained of. We think that under the facts as presented that there was no abuse of the discretion of the court in this matter, nor any error for which the judgment ought to be reversed.

Finding no error in the record, the judgment is affirmed.

*Affirmed.*

McCord, Judge, not sitting.